```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ENIGMA SOFTWARE GROUP USA, LLC,

        Plaintiff,

  -against-

BLEEPING COMPUTER LLC and
DOES 1-10,

        Defendants.

-----------------------------------------------------------x

Case No. 1:16-cv-00057 (PAE)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

  This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.  This case is to be tried to a jury.

3.  Joinder of additional parties shall occur no later than October 31, 2016; after that date, joinder may only be permitted by leave of the Court.

4.  Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than fourteen (14) days from the date of this Order.

5.  The parties request that all fact discovery shall be completed no later than December 15, 2016.[1]

6.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without

---

[1] Defendant's understanding is that Plaintiff's operations are conducted, directed or controlled, in part through individuals or entities outside the U.S. Accordingly, Defendant reserves the right to seek to extend the fact discovery period in the event that it determines in the course of discovery that material facts require discovery outside the U.S. Plaintiff objects to the foregoing statement by Defendant.

application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a. The parties request that Requests for Production of Documents are to be served as early as the parties may elect but no later than October 14, 2016 (about 60 days before the close of fact discovery).

    b. The parties request that Interrogatories are to be served as early as the parties may elect but no later than by October 31, 2016 (45 days before the close of fact discovery).

    c. The parties request that depositions be completed by December 8, 2016 (one week before the close of fact discovery).

    d. The parties request that Requests to Admit to be served as early as the parties may elect but no later than no later than October 31, 2016 (45 days before the close of fact discovery).

7.

    a. The parties request that Plaintiff's expert reports shall be due on or before January 23, 2017.

    b. The parties request that Defendant's expert reports shall be due on or before February 23, 2017 (one month after Plaintiff's expert reports).

    c. The parties request that Plaintiff's rebuttal expert reports shall be due on or before March 10, 2017 (15 days after Defendant's expert reports).

    d. The parties request that Defendant's rebuttal expert reports shall be due on or before March 25, 2017 (15 days after Plaintiff's rebuttal expert reports).

    e. The parties request that depositions and discovery of all experts be completed between March 26, 2017 and May 1, 2017.

8. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within twenty eight (28) days following the close of fact discovery.

10.

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        The parties at this time do not plan to informally exchange information outside of the discovery process provided for in this Order.

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a

        Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        A settlement conference before a Magistrate Judge.

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        The parties request such conference occur at or after the close of fact discovery.

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Order date is thirty (30) days following the close of expert discovery. By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12.    Counsel for the parties have conferred and their present best estimate of the length of trial is likely three to five days, but no longer than five to nine days.

13.    Plaintiff contends that discovery may be needed on the following subjects:
- Bleeping Computer LLC's ("Bleeping's") structure and sources of income;
- Bleeping's participation in affiliate programs (or any form of business arrangement/partnership) and the affiliate commissions or other payments it receives from such associations;
- Bleeping's operation of its "Forums";
- The relationship between Bleeping and its staff members, including, but not limited to, Quietman7, Elise, and Queen-Evie;
- The relationship between Bleeping and Malwarebytes Corporation;
- Communications among Bleeping, its staff members, and/or Malwarebytes Corporation regarding sales of Malwarebytes products, Enigma Software Group USA, LLC ("ESG"), and/or ESG products;
- Communications from Bleeping, including its staff members, to third parties regarding ESG and/or ESG products;

- All forum topics and postings regarding ESG and/or ESG products;
- All tests Bleeping performed on ESG products;
- Any prior threats of litigation or cease and desist letters received by Bleeping regarding its business operations or the content on its website or forums;
- Prior complaints from Bleeping affiliates or advertisers regarding its business operations or the content on its website or forums;
- Requests from Bleeping affiliates or advertisers for refunds; and
- Damages resulting from Bleeping's unlawful behavior, including reputational injury to ESG, ESG's lost sales and profits, and Bleeping's profits from its unlawful behavior.

Defendant contends that discovery may be needed on the following topics:

- Whether Plaintiff is libel proof due to the nature of its reputation generally within the computer security community and marketplace at large;
- Plaintiff's prior threats of litigation, cease and desist letters, actual litigation, arbitration or other proceedings filed by Plaintiff against its customers, users or others who have criticized Plaintiff, Plaintiff's business practices, and Plaintiff's products or services;
- Prior consumer complaints and criticism about Plaintiff and its products or services;
- Plaintiff's practice of copying Bleeping Computer's content on computer security topics and publishing them on multiple websites under pseudonyms or through affiliates as if written by Plaintiff or its affiliates;
- Plaintiff's finances including gross and net revenues and profits since its inception;
- Judicial or quasi-judicial proceedings involving Plaintiff;
- Complaints or criticisms of Plaintiff or its products internally to Plaintiff by consumers or others in the marketplace;
- Commissions Plaintiff has paid to Bleeping Computer;
- Commissions Plaintiff has paid to its affiliates;
- Plaintiff's affiliates and domains owned or controlled by Plaintiff;
- Plaintiff's relationship with "Ugnius Kiguolis," "Giedrius Majauskas" and Rich Garcia;
- Domains for websites Plaintiff owns or controls to promote its products and services;
- Domains for all websites Plaintiff owns or controls regarding virus, adware, and any type of malware/badware removal;
- Refunds Plaintiff has issued to its customers;
- Information about how Plaintiff conducts its affiliate program;
- The manner in which Plaintiff operates its affiliate program including how it polices affiliates who use aliases, use others' photographs as their own, spam sites with their guides, and write false or misleading articles when promoting their software;
- Plaintiff's relationship with RevenueWire; and
- Websites, web pages, and affiliated entities or individuals promoting or offering for download any of Plaintiff's products or services.

4

14. The parties have discussed proposals regarding the production of ESI, including the format the parties should use when producing ESI. The parties have not yet come to a final agreement but are continuing to discuss the issues and fully expect that they will be able to resolve them shortly.

---

TO BE COMPLETED BY THE COURT:

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

15. [Other]

16. The next Case Management Conference is scheduled for _January 30, 2017_ at _10:00_ AM


This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated:   New York, New York
         August 9, 2016