UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                         :
ENIGMA SOFTWARE GROUP USA, LLC,                          :
                                                         :
                                  Plaintiff,             :
                                                         :
                   -against-                             :   Case No.: 1:16-cv-00057-PAE
                                                         :
BLEEPING COMPUTER LLC and                                :   **REPLY TO COUNTERCLAIMS**
DOES 1-10,                                               :
                                                         :
                                  Defendants.            :
                                                         :
                                                         :
---------------------------------------------------------x

Plaintiff Enigma Software Group USA, LLC, ("ESG"), by its attorneys, hereby answers

the Counterclaims of Defendant Bleeping Computer LLC ("Bleeping" or "Defendant") and

states as follows:

**Summary of ESG's Reply**

Since ESG instituted this lawsuit, Bleeping has repeatedly misstated the facts of this case

and misrepresented the law through self-serving statements on its website and through selected

allies in the media.  Then, after the Court issued a fifty-one page opinion and order denying in

large part Bleeping's Motion to Dismiss, Bleeping turned its eye toward unjustifiably and

irresponsibly attacking the Court and its carefully analyzed, well-reasoned legal opinion, again

through its website and others in the media.  Now, in another transparent effort to deflect

attention from its own misconduct, Bleeping has asserted a series of flimsy, baseless

counterclaims against ESG based on fabricated pretenses, including further mischaracterization

and manipulation of supposed "facts," and it has publicized these claims on its website and

through the media.

Although Bleeping complains about supposed misuse of its trademarks and false or disparaging statements about it on the Internet, it knows that ESG did not engage in and is not responsible for any of the alleged acts or alleged statements.  Bleeping reveals its utter lack of factual support for asserting these Counterclaims against ESG by having to resort to incessantly using the phrase "upon information and belief" to preface nearly all of the allegations relating to ESG's supposed connection to the alleged unlawful acts.

Indeed, Bleeping must not have performed any pre-filing investigation because even a cursory investigation would have revealed the falsity of Bleeping's allegations.  That same investigation would have revealed this fundamental truth:  Unlike Bleeping, who willingly appoints its staff and knowingly encourages them to make false, defamatory statements for Bleeping's economic gain, ESG has no control over, or responsibility for, the individuals or entities that are the subject of Bleeping's Counterclaims.  In addition—even though ESG has no legal obligation or ability to control the alleged misconduct of the persons responsible for the acts at issue in Bleeping's Counterclaims—ESG promptly takes the steps available to it to request corrective action when it becomes aware of any person who engages in misconduct while marketing ESG's products.  If Bleeping adopted ESG's example of good corporate citizenship and responsible leadership, ESG may not have had to file this lawsuit.  Instead, Bleeping has continued its unlawful business practice of baselessly disparaging ESG in its filings, on its website, and through the media for the purpose of its own economic gain while pretending to its novice computer user audience that it is a non-profit organization simply providing "free help" to its users.

**Reply to the Introduction Titled "Bleeping Computer's Counterclaims"**

Bleeping's summary of the statutes and common law rules it invokes before this Court requires no response, but ESG denies that Bleeping's counterclaims have any basis in law or fact.  ESG denies that it has misused or infringed upon Bleeping's name and trademark, and it denies defaming or disparaging Bleeping in domain names, subdomain names, URLs, webpage content, and webpage source code.  ESG denies taking any action with the intent and purpose of trading upon Bleeping's goodwill, promoting its products, or misleading the public.  Bleeping's counterclaims are legally and factually baseless.

**Reply to Summary of Counterclaims**

Just like the substance of its Counterclaims, Bleeping's purported "Summary of Counterclaims" is nothing more than fictional writing, which ESG denies in its entirety.  ESG denies: (i) that Bleeping's false statements were "innocuous"; (ii) any characterization of Bleeping's "Advisor" and "Global Moderator" that attempts to shield Bleeping from responsibility for his actions; (iii) any allegation that tries to undercut or negate the damage to ESG from Bleeping's misconduct; (iv) that Bleeping can avoid liability because it purportedly echoed other individuals' statements; (v) Bleeping's characterization of the knowledge or qualifications of such individuals; (vi) any suggestion that its action to hold Bleeping responsible for its false statements is an attempt to bully or censor Bleeping or anyone else; and (vii) that it has engaged in any attacks against Bleeping.

1.      ESG admits the allegations in paragraph 1.

2.      ESG admits that it is a Florida limited liability company.  ESG admits that it has a place of business in Florida.  The remaining allegations are questions of law to which no response is required.

3.      ESG does not dispute personal jurisdiction, for purposes of this action only.  ESG admits that it has sold software to New York residents, but it denies any other characterization of its business activities, and it denies that it engaged in any tortious acts inside or outside of New York.

4.      Bleeping's subject matter jurisdiction allegations are questions of law to which no response is required.  To the extent a response is required, ESG denies the Bleeping has stated any legally cognizable counterclaims.  ESG denies that Bleeping has suffered damages in excess of $75,000.

5.      ESG does not challenge venue in this Court, for purposes of this action only.

6.      ESG admits the allegations in paragraph 6.

7.      ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 7 and therefore denies them.

8.      ESG lacks sufficient information to form a belief about the truth or falsity of the allegations regarding the membership of Bleeping's "community," and Bleeping's members' activities and therefore denies them.  ESG denies that Bleeping's website is "helpful and welcoming."  ESG denies the remaining allegations in paragraph 8.

9.      ESG admits that, through Bleeping's website, Bleeping publishes guides and tutorials and hosts forums.  ESG denies the remaining allegations in paragraph 9.

10.     ESG admits that Bleeping appoints staff members and gives them the title "Global Moderator[s]."  ESG denies the remaining allegations in paragraph 10.

11.     ESG admits that Bleeping has designated Quiteman7 as a "Global Moderator." ESG denies the remaining allegations in paragraph 11.

12.     ESG admits that Bleeping has created a forum that purports to be devoted to computer security.  ESG lacks sufficient information to form a belief about the truth or falsity of the remaining allegations in paragraph 12 and therefore denies them.

13.     ESG responds that its website speaks for itself, and ESG denies any characterization of its website inconsistent with its language.

14.     ESG admits that it allows users to download SpyHunter from its website.  ESG admits that it offers licenses to SpyHunter users throughout the United States.  ESG denies the remaining allegations in paragraph 14.

15.     ESG's allegations in its Second Amended Complaint ("SAC") speak for themselves, and ESG denies any characterization of them inconsistent with their language.

16.     The relief ESG seeks in its SAC speaks for itself, and ESG denies any characterization of its SAC inconsistent with its language.

## A.     bleepingcomputerregistryfix.com

17.     ESG denies that it or its agent registered the domain name bleepingcomputerregistryfix.com.  Bleeping knew, or should have known, that bleepingcomputerregistryfix.com was used by a RevenueWire affiliate named "signup09." Before service of Bleeping's counterclaims, ESG did not have knowledge of the alleged activities of "signup09" and has never had any control over or responsibility for the actions of "signup09."  After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit "signup09" from marketing or selling any ESG products or services.

18.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 18 and therefore denies them.

19.     ESG denies the allegations in paragraph 19.

20.     ESG denies the allegations in paragraph 20.  Before service of Bleeping's counterclaims, ESG did not have knowledge of the alleged activities of "signup09" and has never had any control over or responsibility for the actions of "signup09."  After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit "signup09" from marketing or selling any ESG products or services.

**B.     Allegedly Infringing and Defamatory URLs**

21.     ESG denies the allegations in paragraph 21.

22.     ESG denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is required, ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 23 and therefore denies them.

24.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations regarding the content of <browser.hijack.bleeping.computer.virus.spywareremovalfreetrial.com> and therefore denies them.  ESG denies any involvement in creating or publishing the content on that website, and it denies the remaining allegations in paragraph 24.

25.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 25 and therefore denies them.  ESG alleges that Bleeping knew, or should have known, that the website at http://adware.bleeping.computer.remover.getridofspywareonphone.com was used by a RevenueWire affiliate named "signup09."  Indeed, Bleeping's own allegations show that it knew that fact:  "http://**signup09**.enigma.revenuewire.net/spyhunter2/download?sphytemp3-

overlaynew10-14." Counterclaim ¶ 25 (emphasis added). Before service of Bleeping's counterclaims, ESG did not have knowledge of the alleged activities of "signup09" and has never had any control over or responsibility for the actions of "signup09." After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit "signup09" from marketing or selling any ESG products or services.

26.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 26 and therefore denies them. ESG alleges that Bleeping knew, or should have known, that the website at

http://browser.hijack.bleeping.computer.virus.spywareremovalfreetrial.com was used by a RevenueWire affiliate named "signup09." Indeed, Bleeping's own allegations show that it knew that fact: "http://**signup09**.enigma.revenuewire.net/spyhunter2/download?sphytemp3-overlaynew10-14." Counterclaim ¶ 26 (emphasis added). Before service of Bleeping's counterclaims, ESG did not have knowledge of the alleged activities of "signup09" and has never had any control over or responsibility for the actions of "signup09." After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit "signup09" from marketing or selling any ESG products or services.

27.     ESG admits that the domain revenuewire.net is operated and maintained by RevenueWire. ESG admits that certain subdomains identify particular affiliates. ESG denies the remaining allegations in paragraph 27.

28.     ESG admits that it has a contractual relationship with RevenueWire. The contract speaks for itself, and ESG denies any characterization inconsistent with its terms. ESG's website likewise speaks for itself, and ESG denies any characterization of its components inconsistent with the actual contents of the website. ESG denies the remaining allegations in paragraph 28.

29.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 29 and therefore denies them.

30.     ESG denies the allegations in paragraph 30.  Before service of Bleeping's counterclaims, ESG did not have knowledge of the referenced URLs, and it has never had any control over or responsibility for the actions of the persons associated with those URLs.  After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit those persons from using those URLs to market or sell any ESG products or services.

31.     ESG denies the allegations in paragraph 31.

32.     ESG denies the allegations in paragraph 32.

**C.     ComboFix**

33.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 33 and therefore denies them.

34.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 34 and therefore denies them.

35.     ESG denies the allegations in paragraph 35.

36.     ESG denies the allegations in paragraph 36.  ESG alleges that, on July 30, 2016, after learning about the website combofix.org and learning that a user by the name of "3bsoftwa" was associated with it, it requested that RevenueWire prohibit "3bsoftwa" from marketing or selling ESG products.

**D.     Allegedly Infringing Source Code**

37.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 37 and therefore denies them.

38.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 38 and therefore denies them.

39.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 39 and therefore denies them.

40.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 40 and therefore denies them.

41.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 41 and therefore denies them.

42.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 42 and therefore denies them.

43.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 43 and therefore denies them.

44.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 44 and therefore denies them.

45.     ESG denies the allegations in paragraph 45.  Before service of Bleeping's counterclaims, ESG did not have knowledge of the alleged activities of the person who owns or operates the referenced URL and has never had any control over or responsibility for the actions of that person.  After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit the person who owns or operates the referenced URL from marketing or selling any ESG products or services.

46.     ESG denies the allegations in paragraph 46.  Before service of Bleeping's counterclaims, ESG did not have knowledge of the alleged activities of the person who owns or operates the referenced URL and has never had any control over or responsibility for the actions

of that person.  After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit the person who owns or operates the referenced URL from marketing or selling any ESG products or services.

**E.      "Rkill" and "Unhide" Programs**

47.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 47 and therefore denies them.

48.     ESG denies the allegations in paragraph 48.

49.     ESG admits that it owns the website spywareremove.com.  The website formerly reproduced anti-malware signatures for rkill and unhide that were obtained from third-party resources such as VirusTotal.  ESG denies the remaining allegations in this paragraph.

50.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 50 and therefore denies them.  ESG's SpyHunter software does not flag Rkill or Unhide as malicious.

51.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 51 and therefore denies them.  Bleeping knew, or should have known, that the affiliate associated with the website at issue is "luogoodluck."  Before service of Bleeping's counterclaims, ESG did not have knowledge of the alleged activities of "luogoodluck" and has never had any control over or responsibility for the actions of "luogoodluck."  After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit "luogoodluck" from marketing or selling any ESG products or services using the content identified in this paragraph of the counterclaim.

52.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 52 and therefore denies them.  As mentioned, ESG's SpyHunter software does not flag Rkill or Unhide as malicious.

53.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 53 and therefore denies them.

54.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 54 and therefore denies them.

55.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 55 and therefore denies them.  ESG notes that the URLs reproduced in this paragraph show that Bleeping knew that the website at issue is associated with affiliate luogoodluck:  "http://**luogoodluck**.enigma.revenuewire.net/spyhunter2/download."  Before service of Bleeping's counterclaims, ESG did not have knowledge of the alleged activities of "luogoodluck" and has never had any control over or responsibility for the actions of "luogoodluck."  After service of Bleeping's counterclaims, ESG informed RevenueWire of Bleeping's allegations and requested that RevenueWire prohibit "luogoodluck" from marketing or selling any ESG products or services using the content identified.

56.     ESG denies the allegations in paragraph 56.

57.     ESG denies the allegations in paragraph 57.

58.     ESG denies the allegations in paragraph 58.

59.     ESG denies the allegations in paragraph 59.

## Count I
## Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

60.     ESG restates and realleges the foregoing factual allegations of its Answer as if fully set forth herein.

61.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 61 and therefore denies them.

62.     ESG denies the allegations in paragraph 62.

63.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 63 and therefore denies them.

64.     ESG denies the allegations in paragraph 64.

65.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 65 and therefore denies them.

66.     ESG denies the allegations in paragraph 66.

67.     ESG denies the allegations in paragraph 67.

## Count II
## Alleged Violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)

68.     ESG restates and realleges the foregoing factual allegations of its Answer as if fully set forth herein.

69.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 69 and therefore denies them.

70.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 70 and therefore denies them.

71.     ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in paragraph 71 and therefore denies them.

72.     ESG denies the allegations in paragraph 72.

73.     ESG denies the allegations in paragraph 73.

74.     ESG denies the allegations in paragraph 74.

75.     ESG denies the allegations in paragraph 75.

76.     ESG denies the allegations in paragraph 76.

<u>**Count III**</u>
<u>**Alleged Violation of the Florida Deceptive and Unfair Trade Practices Act**</u>

77.     ESG restates and realleges the foregoing factual allegations of its Answer as if fully set forth herein.

78.     The allegations in paragraph 78 raise issues of law to which no response is required.  To the extent a response is required, ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies them.

79.     The allegations in paragraph 79 raise issues of law to which no response is required.  To the extent a response is required, ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies them.

80.     The allegations in paragraph 80 raise issues of law to which no response is required.  To the extent a response is required, ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies them.

81.     The allegations in paragraph 81 raise issues of law to which no response is required.  To the extent a response is required, ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies them.

82.     The allegations in paragraph 82 raise issues of law to which no response is required.  To the extent a response is required, ESG lacks sufficient information to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies them.

83.     ESG denies the allegations in paragraph 83.

84.     ESG denies the allegations in paragraph 84.

85.     ESG denies the allegations in paragraph 85.

86.     ESG denies the allegations in paragraph 86.

87.     ESG denies the allegations in paragraph 87.

88.     ESG denies the allegations in paragraph 88.

89.     ESG denies the allegations in paragraph 89.

90.     ESG denies the allegations in paragraph 90.

91.     ESG denies the allegations in paragraph 91.

92.     ESG denies the allegations in paragraph 92.

93.     ESG denies the allegations in paragraph 93.

94.     ESG denies the allegations in paragraph 94.

**Count IV**
**Alleged Defamation**

95.     ESG restates and realleges the foregoing factual allegations of its Answer as if fully set forth herein.

96.     ESG denies the allegations in paragraph 96.

97.     ESG denies the allegations in paragraph 97.

98.     ESG denies the allegations in paragraph 98.

99.     ESG denies the allegations in paragraph 99.

100.    ESG denies the allegations in paragraph 100.

**Answer to Bleeping's Prayer for Relief**

ESG denies that Bleeping is entitled to any of the relief it requests.

**ESG's Affirmative Defenses**

**First Affirmative Defense**

Bleeping fails to state a cause of action upon which relief can be granted.

**Second Affirmative Defense**

Bleeping does not have standing to bring some or all of the asserted claims.

**Third Affirmative Defense**

Bleeping's claims are barred, in whole or in part, by applicable statutes of limitation.

**Fourth Affirmative Defense**

Bleeping's claims are barred, in whole or in part, by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c) because—among other reasons—ESG relied on information from third-party resources such as VirusTotal to protect ESG's users against software identified as malicious.

**Fifth Affirmative Defense**

Bleeping's claims are barred, in whole or in part, because the statements and/or online content at issue were not published by ESG, and upon learning of the challenged content, ESG promptly took all available steps to eliminate and dissociate from the third-party content.

**Sixth Affirmative Defense**

Bleeping's claims are barred, in whole or in part, because the few statements at issue from ESG are protected statements of opinion or fair reports of antivirus outcomes from third party companies such as VirusTotal.

**Seventh Affirmative Defense**

Bleeping's claims are barred, in whole or part, because any use of Bleeping's name was in a nominative or non-trademark manner.

**Eighth Affirmative Defense**

Bleeping's claims are barred, in whole or in part, because its alleged injuries were not caused by ESG's actions.

**Ninth Affirmative Defense**

Bleeping's claims are barred, in whole or in part, because ESG did not create or publish the content at issue.

**Tenth Affirmative Defense**

Bleeping's claims are barred, in whole or in part, because ESG had no knowledge of the infringement Bleeping has alleged.

**Eleventh Affirmative Defense**

Bleeping's claim for damages is barred because its damages, if any, were not the result of acts, representations or omissions by ESG.

**Twelfth Affirmative Defense**

Bleeping's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Thirteenth Affirmative Defenses**

Bleeping's claims are barred, in whole or in part, by the doctrine of laches, waiver or estoppel.

**Fourteenth Affirmative Defense**

Bleeping's claim for damages is barred, in whole or part, by Bleeping's failure to mitigate those damages.

**Fifteenth Affirmative Defenses**

Bleeping's claims are barred, in whole or part, by the disclaimers and limitations in ESG's End User License Agreement and related terms and conditions.

In addition to the above-listed affirmative defenses, ESG reserves all other defenses available under the Federal Rules, the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, or in law or equity, that may now exist or in the future become available upon discovery and further factual investigation.

**<u>ESG's Prayer for Relief Regarding Bleeping's Counterclaims</u>**

WHEREFORE, ESG respectfully demands judgment on Bleeping's counterclaims as follows:

A.  Dismissal of all of Bleeping's counterclaims with prejudice;

B.  An award to ESG of the attorneys' fees and costs incurred in defending against Bleeping's counterclaims; and

C.  Such other relief as the Court considers just or equitable.

**<u>Jury Demand</u>**

ESG demands a jury on all issues triable to a jury that are raised by Bleeping's counterclaims and ESG's defenses.

Dated:   New York, New York                        Respectfully submitted,
         September 12, 2016

                                            By:   /s/ Eric A. Prager
                                                  _____
                                                  Eric A. Prager
                                                  Eric R. I. Cottle
                                                  K&L GATES LLP
                                                  599 Lexington Avenue
                                                  New York, NY 10022
                                                  Telephone: 212.536.3900
                                                  Facsimile: 212.536.3901
                                                  eric.prager@klgates.com
                                                  eric.cottle@klgates.com

                                                  &

                                                  Terry Budd
                                                  Christopher M. Verdini
                                                  (*pro hac vice*)
                                                  K&L GATES LLP
                                                  210 Sixth Avenue
                                                  Pittsburgh, PA 15222
                                                  Telephone: 412.355.6500
                                                  Facsimile: 412.355.6501
                                                  terry.budd@klgates.com
                                                  christopher.verdini@klgates.com

                                                  *Attorneys for Plaintiff Enigma Software*
                                                  *Group USA, LLC*