UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ENIGMA SOFTWARE GROUP USA, LLC,

                  Plaintiff,

      -against-

BLEEPING COMPUTER LLC and
DOES 1-10,

                Defendants.

-------------------------------------------------------x

Case No. 1:16-cv-00057 (PAE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/7/2016

## [STIPULATED] PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing this action,

IT IS HEREBY ORDERED THAT:

## DEFINITIONS

A.    "Party":  any Party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and Outside Counsel (and their support staff).

B.    "Material":  all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible, or otherwise) by the Parties or by non-parties.

C.    "Producing Party":  a Party or non-party that produces Material in this action.

D.    "Receiving Party":  a Party that receives Material from a Producing Party.

1

E.    "Designating Party":    a Party or non-party that designates Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

F.    "CONFIDENTIAL Material":  Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or (iii) believes in good faith to constitute or to contain trade secrets or other confidential research, development, business, commercial or financial information.  CONFIDENTIAL Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

G.    "ATTORNEYS' EYES ONLY Material":  Material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or (iii) believes in good faith constitutes proprietary financial, technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business including, but not limited to, trade secrets or other confidential research, development, business, commercial or financial information. ATTORNEYS' EYES ONLY Material shall include all Material referring or relating to the

foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

H.     "Designated Material":     Material that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

I.     "Outside Counsel":  attorneys (including litigation and clerical support staff) at the firm that is counsel of record for a Party and who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries.

J.     "Outside Consultant":  a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action and who is not believed to be, after due investigation: (i) a current or anticipated employee of a Party or of a Party's competitor; or (ii) a consultant involved in product and/or process design or development or advertising, marketing or sales for a Party or for a Party's competitor.

K.     "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) and their employees and subcontractors.  Court reporters and videographers are included.  This definition further includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

## TERMS AND CONDITIONS

1.     GENERAL LIMITATIONS ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

Designated Material produced and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents

relating thereto, shall be used only for the purpose of this litigation and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public, subject to paragraph 13. Any person in possession of Designated Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Material in order to ensure that the confidential nature of the Material is maintained. If Designated Material is disclosed or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Material and to prevent further disclosure, unless it otherwise constitutes Material Not Covered by this Protective Order as set forth in Paragraph 4 below.

2.   **PROCEDURE FOR DESIGNATING MATERIALS**

(a)   <u>Documents and Other Tangible Materials</u>.  The designation of Material in the form of documents, discovery responses, or other tangible materials (other than depositions or other pre-trial testimony) shall be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page containing information to which the designation applies (or in the case of computer medium on the medium label and/or cover).  To the extent practical, the legend shall be placed on the same line or otherwise near the Bates number identifying the Material, if such Material contains a Bates number.  If a document has more than one designation, the more restrictive or higher designation applies.

(b)   <u>Non-tangible Materials</u>.  All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in Section 2(a) above shall be designated by the Designating Party by informing the

4

Receiving Party in writing. In the event the Designated Materials include electronically stored information, the Designating Party shall, to the extent practical, include the legend in a file name or folder name, but a folder name shall not bear the legend unless all of the files within that folder are of the same designation.

(c) <u>Deposition Testimony and Transcripts</u>. Any Party may designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY Material that is disclosed at a deposition by indicating on the record at the deposition that the testimony is CONFIDENTIAL or ATTORNEYS' EYES ONLY and is subject to the provisions of this Protective Order. Any Party may also designate Material disclosed in a deposition as CONFIDENTIAL or ATTORNEYS' EYES ONLY by notifying the court reporter and all of the parties, in writing within fourteen (14) calendar days after receipt of the final deposition transcript and/or errata, of the specific pages and lines of the final transcript and/or errata that should be treated thereafter as CONFIDENTIAL or ATTORNEYS' EYES ONLY. All deposition transcripts shall be treated as ATTORNEYS' EYES ONLY for a period of fourteen (14) calendar days after receipt of the final transcript and/or errata unless otherwise designated ahead of such time period. For purposes of this paragraph only, a transcript shall be deemed final upon receipt from the court reporter, whether or not the deponent has read and/or signed the transcript.

(d) <u>Non-party Designations</u>. Non-parties who produce Material in this action may avail themselves of the provisions of this Protective Order, and such Material produced by non-parties shall be treated by the Parties in conformance with this Protective Order. A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

5

3.   **INADVERTENT PRODUCTION**

(a)   <u>Inadvertent Failures to Properly Designate</u>. If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Protective Order or with an incorrect label or designation, the Party or non-party may give written notice to the Receiving Party that the Material produced is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such Material according to its most recent designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY from the date such notice is received. Within five (5) calendar days, the Producing Party must provide a properly labeled version of such Designated Material to the extent such material is required to be labeled, as set forth above. Upon receipt of a properly labeled version, the Receiving Party must destroy or return the unlabeled or, undesignated, or incorrectly labeled or designated version. If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must inform the Designating Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to assure that the Material is treated in accordance with the provisions of this Protective Order, including retrieving or destroying any copies that may have been disclosed to unqualified recipients.

(b)   <u>No Waiver of Privilege</u>. The production or inspection of Material that a Producing Party claims was inadvertent and should not have been produced or disclosed because of the attorney-client privilege, the work product immunity, or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not inadvertently been produced or disclosed. Upon request by the Producing Party, the Receiving Party shall

6

immediately return all copies of such inadvertently produced Material.  If the Receiving Party challenges the propriety of the claim of attorney-client privilege, work product immunity or other applicable privilege or immunity from discovery, the Receiving Party shall not assert as a ground for challenging the fact of the initial production or the later designation as attorney-client privilege, the work product immunity or any other designated privilege or immunity from discovery. The provisions of this paragraph shall be supplemented with the provisions of Fed. R. Evid. 502.  In the case of a conflict between this paragraph and the provisions of Fed. R. Evid. 502, this paragraph shall control.

4.   **MATERIAL NOT COVERED BY THIS PROTECTIVE ORDER**

Material shall not be considered CONFIDENTIAL or ATTORNEYS' EYES ONLY if the Receiving Party or other person challenging such designation can demonstrate that:

(a)   it is in the public domain at the time of disclosure;

(b)   it becomes part of the public domain as a result of publication not involving a violation of this Protective Order or other improper or unlawful conduct;

(c)   it was in the rightful and lawful possession of the Receiving Party or other person challenging such designation at the time of disclosure;

(d)   the Receiving Party or other person challenging such designation lawfully received it from a non-party without restriction as to disclosure, provided such non-party has the right to make the disclosure to the Receiving Party; or

(e)   it was independently developed by the Receiving Party or other person challenging such designation after the time of disclosure by personnel who did not have access to the Producing Party's Designated Material.

5.    **CHALLENGES TO DESIGNATIONS**

(a)    <u>Written Notice</u>.   The Designating Party shall use reasonable care when designating Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.   Nothing in this Protective Order shall prevent a Receiving Party from contending that any Material has been improperly designated.   If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible.   If, after meeting and conferring, the Parties do not resolve the dispute, the Receiving Party may file a motion with the Court challenging the designation as invalid as set forth below.

(b)    <u>Meet and Confer</u>.   A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly with counsel for the Designating Party.   In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Material challenged and to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.   A challenging Party may file a motion challenging the designation only if it has engaged in this meet and confer dialogue first.   Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with these meet and confer requirements and that sets forth with specificity the justification for the designation that was given by the Designating Party in the meet and confer dialogue.

(c)    <u>Judicial Intervention</u>.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Until the Court rules on the challenge, all Parties shall continue to afford the Material in question the level of protection to which it would be entitled under the Designating Party's designation.

8

6.   **ACCESS TO CONFIDENTIAL MATERIAL**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Sections 10 and 12 below regarding use of Designated Material at depositions):

   (a)   The Court and its personnel;

   (b)   Outside Counsel for each Party;

   (c)   Outside Consultants, subject to the provisions and limitations set forth in Section 9 herein;

   (d)   Professional Vendors, subject to the provisions and limitations set forth in Section 8 herein; and/or

   (e)   No more than four (4) employees, officers, and directors of a Receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the Producing Party in advance of the disclosure and have signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its provisions.  Such written agreement shall be retained by counsel for the Receiving Party.

7.   **ACCESS TO ATTORNEYS' EYES ONLY MATERIAL**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, ATTORNEYS' EYES ONLY Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Sections 10 and 12 below regarding use of Designated Material at depositions):

   (a)   The Court and its personnel;

(b)     Outside Counsel for each Party;

(c)     Outside Consultants, subject to the provisions and limitations set forth in Section 9 herein; and

(d)     Professional Vendors, subject to the provisions and limitations set forth in Section 8 herein.

8.     **ACCESS BY PROFESSIONAL VENDORS**

Subject to the requirements set forth in this Protective Order, Designated Material and such copies as are reasonably necessary for maintaining, defending, or evaluating this litigation, may be furnished and disclosed to Professional Vendors as defined in Definition K.  Before disclosing any Designated Material to any person or service described in this paragraph, Outside Counsel for the Receiving Party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Exhibit A.  Such written agreement shall be retained by Outside Counsel for the Receiving Party.

9.     **DISCLOSURE TO OUTSIDE CONSULTANTS**

(a)     Confidentiality Agreement.   An Outside Consultant's access to Designated Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Outside Consultant execute the Confidentiality Agreement attached hereto as Exhibit A.  The original Confidentiality Agreement shall be retained by Outside Counsel for the Party that retained the Outside Consultant.

(b)     Written Notice.  Before a Receiving Party may disclose, directly or indirectly, any Designated Material to an Outside Consultant, the Receiving Party must give written notice to the Producing Party of the identity of their Outside Consultant and must undertake in good faith to provide, as part of that written notice, all of the following listed information as it relates to the Outside Consultant:

(1)     current curriculum vitae, including the full name of the individual and the city and state of his or her primary residence;

(2)     business address and title;

(3)     nature of business or profession;

(4)     any previous or current relationship (personal or professional) with any of the Parties;

(5)     a listing of other actions (including case name, case number, and court/agency) in which the individual has testified (at trial, deposition or in a hearing) in the last four (4) years;

(6)     the individual's current employer;

(7)     all companies for which the individual has consulted or been employed by, within the past three (3) years, the nature of such consultation or employment, and the years of such consulting or employment; and

(8)     an identification of all publications authored in the previous ten (10) years.

(c)     Objection. A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Designated Material to the identified Outside Consultant unless, within five (5) business days of the written notice (plus three (3) additional business days if notice is given other than by hand delivery, e-mail, or facsimile transmission), the Producing Party objects for good cause and in writing, stating with particularity the reasons for objection.

(d)     Judicial Intervention. If an objection is made, the Parties shall meet and confer within five (5) business days of the written objection to try to resolve the dispute by agreement. If no agreement is reached, the objecting Party may, within ten (10) business days of the meet

and confer, move the Court for an order that access to the CONFIDENTIAL or ATTORNEYS' EYES ONLY Material be denied to the designated individual, or other appropriate relief. During that time and unless and until the Court determines otherwise, no disclosure of any such Designated Material shall be made by the Receiving Party to any Outside Consultant to whom an objection has been made. However, if the objecting Party does not move within that ten (10) business day time period following the written notice, it waives its right to object and the Receiving Party may disclose the Designated Materials to the Outside Consultant. In the event that procedures of this paragraph may conflict with the Scheduling Order and thereby prejudice a Receiving Party, the Parties shall cooperate to submit a reasonable request for this Court to modify or extend the Scheduling Order. A Party shall not have such a duty to cooperate if it believes, in good faith, that the other party has engaged in unreasonable delay with respect to disclosing an Outside Consultant.

## 10.   EXCEPTIONS TO LIMITATIONS ON DISCLOSURE

Nothing in this Order prevents disclosure of Designated Material in the following situations: (a) by the Producing Party to anyone else the Producing Party deems appropriate; (b) by a Party to any person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Designated Material or who has independently received the Designated Material other than through a means constituting a breach of this Protective Order or other improper or unlawful means; or (c) to any person who is reasonably identified as currently having access to or previously having viewed the Designated Material, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, other than through a means constituting breach of this Protective Order.

11.   **FILING UNDER SEAL**

All documents containing Designated Material filed with the Court shall be filed in accordance with the provisions of the United States District Court for the Southern District of New York's Sealed Records Filing Instructions, unless a Party is filing only portions of a document that do not contain Designated Material.

12.   **USE AT DEPOSITIONS**

(a)   Except as otherwise ordered by the Court, any deposition or trial witness may be examined and may testify concerning Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(1)   A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party when (a) the director, officer, and/or employee has had or is eligible to have access to the Designated Material by virtue of their employment with the Producing Party; (b) the director, officer, and/or employee of the Producing Party designated has been designated as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Designated Material; (c) the director, officer, and/or employee is identified in the Designated Material as an author, addressee, or recipient of such information; or (d) the director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material or has personal knowledge about such Designated Material or its subject matter.

(2)   A former director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party when (a) the former director, officer, and/or employee has been designated as a

13

witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Designated Material; (b) the former director, officer, and/or employee is identified in the Designated Material as an author, addressee, or recipient of such information; or (c) the former director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material or has personal knowledge about such Designated Material or has personal knowledge about a later version or revision of such Designated Material. Nothing in the foregoing shall preclude or otherwise limit the Producing Party's ability to object to (i) the use of the document during questioning or (ii) the admissibility of any such testimony.

(3)     The witness, although not identified as an author, addressee, or recipient of such Designated Material, has personal knowledge of the content of the Designated Material.

(4)     Non-parties may be examined or testify concerning any document containing Designated Material that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party including as a result of any contact or relationship with the Producing Party. Any person other than the witness, his or her counsel, and any person qualified to receive Designated Material under this Protective Order shall be excluded from the portion of the examination concerning such Material, absent the consent of the Producing Party. If the witness is represented by an attorney who is not qualified under this Protective Order to receive Designated Material, then prior to the examination, the attorney shall provide a signed Confidentiality Agreement in the form attached hereto as Exhibit A, declaring that he or

she will comply with the terms of this Protective Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. If such attorney declines to sign such a Confidentiality Agreement before the examination, and if any Party so desires, then the Parties, by their counsel, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

(b) In addition to the restrictions set forth in this Protective Order, the following shall apply to Designated Material used at a deposition:

(1) A witness who previously had access to Designated Material, but who is not bound by a nondisclosure agreement with the Producing Party that applies to the Designated Material, may be shown the Designated Material if a copy of this Protective Order is attached to any subpoena, notice, or request served on the witness for the deposition, and the witness is advised on the deposition record of the existence of the Protective Order and agrees to its requirements to keep confidential any questions, testimony, or documents shown during the deposition that in any way relate to or constitute Designated Material.

(2) Except in the case of an Outside Consultant serving as an expert witness and bound by the terms of the Protective Order or a witness from a Producing Party that is otherwise authorized to see Designated Material from his/her own Producing Party, witnesses may not retain copies of any Designated Material used or reviewed at a deposition, and may not take out of the deposition room any exhibit that is marked CONFIDENTIAL or ATTORNEYS' EYES ONLY. This Protective Order shall not be construed to require a witness to disgorge or destroy any copy of any Designated Material the witness lawfully possessed prior to the deposition. The Producing Party of any

Designated Material used at a deposition may also require that the transcript and exhibits not be copied by a third-party witness or his or her counsel and that the transcript and exhibits may only be reviewed by the third-party witness in the offices of Outside Counsel representing a Party in this action (or another firm acting for Outside Counsel representing a Party in this action under the supervision of one of the attorneys bound by the terms of this Protective Order).

**13.   STIPULATIONS OR ADDITIONAL RELIEF FROM THE COURT**

The Parties may, by stipulation, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Designated Material.

**14.   TREATMENT OF DOCUMENTS AT A HEARING OR TRIAL.**

Nothing in this Protective Order shall affect in any way any Party's right to offer Designated Material into evidence during trial or at any hearing in this action nor shall if modify any Party's right to object to the introduction of such information or to move for appropriate protection of this information. If any party includes in a pre-trial exhibit list or otherwise anticipates that it will introduce as evidence at any hearing or at trial any Designated Material from a non-party, that Party will provide sufficient notice to the non-party to allow it an opportunity to object or to request specific procedures from the Court governing use of such information at trial.

**15.   RETURN OF DESIGNATED MATERIAL**

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after a final, non-appealable judgment or order, or the complete settlement of all claims

asserted against all Parties in this action, each Receiving Party must destroy or return all Designated Material to the Producing Party (at the Receiving Party's option). As used in this section "Designated Material" includes Designated Material and any derivatives therefrom, including, but not limited to, all copies, abstracts, compilations, summaries, notes, or any other form of reproducing, referring to, or capturing any portion of the Designated Material. Designated Material shall also include material returned to Outside Counsel for the Receiving Party by a third party consistent with the Confidentiality Agreement attached hereto as Exhibit A. In the event such third-party informs Outside Counsel he or she has a legal obligation precluding such return, the Receiving Party shall promptly notify the Producing Party. The Receiving Party's obligation to return or destroy Designated Material received from another Party extends to Designated Material the Receiving Party disclosed to others pursuant to this Protective Order. Notwithstanding this section, Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Whether the Designated Material is returned or destroyed, the Receiving Party must, if asked to, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that identifies (by category, where appropriate) all the Designated Material that was returned or destroyed and that affirms that neither the Receiving Party nor others to which the Receiving Party disclosed Designated Material have retained any Designated Material (or otherwise identifies any person or entity that has failed to return or destroy such Designated Material). Notwithstanding this section, counsel are entitled to retain an archival copy of all pleadings, motion papers (including all supporting and opposing papers and exhibits and declarations thereto), transcripts, legal memoranda, correspondence, briefs (including all supporting and

opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or work product. Any such archival copies remain subject to this Protective Order as set forth in Section 17.

**16.  INJUNCTIVE RELIEF**

The Parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the actual or potentially aggrieved entity may immediately apply to obtain injunctive relief against any such violation or threatened violation, and any respondent who is subject to the provisions of this Protective Order may not employ as a defense that movant possesses an adequate remedy at law.

**17.  SURVIVAL OF ORDER**

The terms of this Protective Order shall survive the final termination of this action to the extent that any Designated Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order unless this action is transferred to another forum. The Parties agree that any order of dismissal of this action as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

**18.  TREATMENT PRIOR TO ENTRY OF ORDER**

Each Party agrees to be bound by the terms of this Protective Order as of the date it is filed with the Court for the Court's consideration, even if prior to entry of the Order by the Court. But if the Court changes any provisions, the changes will apply retroactively.

19.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order or other lawful process that would compel disclosure of any Designated Material, the Receiving Party must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or e-mail) promptly and in no event more than ten (10) days after receiving the subpoena, order or process, unless this section conflicts with the law under which such process was issued, in which case the Receiving Party shall abide the notice provisions of that law, if any.  Such notification must include a copy of the subpoena, order, or process.  The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena, order, or process is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena, order, or process to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing or Designating Party in this action an opportunity to seek protection of its confidentiality interests in the court from which the subpoena, order, or process issued.  The Designating Party shall bear the burdens and the expenses of seeking protection of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or an obligation under law to disclose designated material.

20.   **OTHER PROCEEDINGS**

By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case.  Any person or party subject to a motion to disclose another party's information designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY"

pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

**STIPULATED TO BY THE PARTIES:**

Effective Date: October 6, 2016

/s/ _____

ATTORNEYS FOR PLAINTIFF ENIGMA
SOFTWARE GROUP USA, LLC

Eric A. Prager
Eric R. I. Cottle
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901
eric.prager@klgates.com
eric.cottle@klgates.com

Of Counsel

Terry Budd
Christopher M. Verdini
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: 412.355.6500
Facsimile: 412.355.6501
terry.budd@klgates.com
christopher.verdini@klgates.com

/s/ _____

ATTORNEYS FOR DEFENDANT
BLEEPING COMPUTER LLC

Gregory W. Herbert
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: 407.420.1000
Facsimile: 407.841.1295
herbertg@gtlaw.com

John J. Elliott
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.801.9200
Facsimile: 212.801.6400
elliottj@gtlaw.com

Of Counsel

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
4035 South El Capitan Way
Las Vegas, Nevada 89147
Telephone: 702.420.2001
Facsimile: 305.437.7662
ecf@randazza.com

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Telephone: 702.420.2001
Facsimile: 305.437.7662
ecf@randazza.com

**IT IS SO ORDERED:**

Date:_____ 10/6/16

_____
**PAUL A. ENGELMAYER**
**UNITED STATES DISTRICT JUDGE**